IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW HARVILLE,

        Plaintiff,                       No. CIV S-08-171 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.               <u>ORDER</u>

/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Child's Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for remand and deny the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

/////

1

## I. Factual and Procedural Background

In a decision dated August 21, 2007, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of attention deficit hyperactivity disorder and rule out learning disorder but these impairments do not meet or medically equal a listed impairment; plaintiff has a marked limitation in attending and completing tasks but does not have an extreme limitation in any domain of functioning or a marked limitation in two domains of functioning and does not functionally equal the severity of the listings; the allegations of plaintiff and his mother regarding his ability to function are not fully supported by the record; and plaintiff is not disabled. Administrative Transcript ("AT") 17-25. Plaintiff contends the ALJ erroneously found plaintiff does not meet or functionally equal a childhood listing.

## II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

---

[1] Child's Supplemental Security Income ("SSI") is paid to disabled persons under the age of eighteen. A child is considered disabled if the child has a medically determinable physical or mental impairments that result in marked and severe functional limitations. 42 U.S.C. § 1382c(a)(3)(C)(I). A three step sequential evaluation is utilized in determining eligibility for Child's SSI. The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment, i.e., causes more than minimal functional limitations? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet, medically equal, or functionally equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If not, he is not disabled.

20 C.F.R. § 416.924(a)-(d).

record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

Plaintiff contends, among other arguments, that the ALJ erroneously found that plaintiff's impairments do not meet or functionally equal a childhood listing.[2] In support of this

---

[2] In determining whether a child's impairments functionally equal the listings, the ALJ must consider how a child functions in six domains:

(1) Acquiring and using information;
(2) Attending and completing tasks;

continued. . .

contention, plaintiff relies on evidence submitted to the Appeals Council and additional evidence submitted with plaintiff's motion for summary judgment. When the Appeals Council denies review, the decision of the ALJ is the final decision. Russell v. Brown, 856 F.2d 81, 83-84 (9th Cir. 1988).[3] However, the evidence considered by the Appeals Council in denying the request for review becomes part of the administrative record for review by this court. See Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993); see also Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (the court may properly consider the additional materials because the Appeals Council addressed them in the context of denying appellant's request for review).

In this case, the Appeals Council considered additional evidence in denying plaintiff's request for review. AT 6, 282-283 (Dr. Pham's report), 291-293 (Dr. Teal's report). The Appeals Council noted that Dr. Pham's report was already included in the administrative record considered by the ALJ. AT 6, 266. With respect to Dr. Teal's report, the Appeals Council rejected the report as a basis for reversing the ALJ's decision, concluding that the report was based on an evaluation of plaintiff completed when he was in first grade. AT 6.[4]

/////

---

      (3) Interacting and relating with others;
      (4) Moving about and manipulating objects;
      (5) Caring for yourself; and
      (6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1). If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairments functionally equal the listings. 20 C.F.R. § 416.926a(d).

  [3] Only if the Appeals Council grants review, and then issues a decision on the merits does the Appeals Council's decision become the final decision of the Commissioner. Russell, 856 F.2d at 83-84.

  [4] Although the Appeals Council's decision is not the final decision at issue here, the court notes that the characterization of Dr. Teal's report as predicated solely on the basis of a first grade evaluation is unsupported in light of the extensive mental status and psychiatric interview conducted by Dr. Teal.

4

1    Plaintiff has submitted new evidence and requests this court order remand based
2 on that evidence.  A case may be remanded to the Secretary for the consideration of new
3 evidence if the evidence is material and good cause exists for the absence of the evidence from
4 the prior record.  <u>Sanchez v. Secretary of HHS</u>, 812 F.2d 509, 511-12 (9th Cir. 1987).  In order
5 for new evidence to be "material," the court must find that, had the Secretary considered this
6 evidence, the decision might have been different.  The court need only find a reasonable
7 possibility that the new evidence would have changed the outcome of the case.  <u>Booz v.
8 Secretary of Health and Human Services</u>, 734 F.2d 1378, 1380-81 (9th Cir. 1984).
9    The new evidence submitted by plaintiff is an undated report from Dr. Rosi.  The
10 report indicates Dr. Rosi commenced treatment of plaintiff on November 10, 2007, which
11 postdates the date of the ALJ's decision at issue in this matter.  Good cause therefore exists for
12 plaintiff's request to include Dr. Rosi's opinions in the administrative record.
13    When Dr. Rosi's report is considered along with Dr. Teal's report in the context
14 of the entire record, the court finds there is a reasonable possibility the outcome of the disability
15 decision would have changed.  Dr. Rosi assessed plaintiff with Organic Brain Syndrome, a listing
16 not considered by the ALJ or the Appeals Council.  <u>See</u> Listing 112.02.  Dr. Teal also assessed
17 plaintiff with this disorder.  AT 293.  In assessing plaintiff with this disorder, both doctors made
18 specific objective findings that are material to the consideration of whether plaintiff has marked
19 limitations in acquiring and using information.  AT 20, 292; <u>see also</u> Plaintiff's Ex. 1.  The ALJ
20 rejected the assessments of plaintiff's treating physicians, both of whom found plaintiff to have
21 extreme limitations in three domains, on the basis that there were no objective findings
22 supporting such limitations.  AT 19, 240, 267.  In light of the additional findings by Dr. Rosi,
23 which reenforce those of Dr. Teal, the ALJ's evaluation of the opinions of the treating physicians
24 is called into doubt.  Similarly, the ALJ's evaluation of the credibility of plaintiff and his mother
25 is undermined by the findings of Drs. Teal and Rosi.  AT 19.  The testifying expert, on whose
26 /////

opinion the ALJ relied, also did not have available for review the findings of these doctors. AT 19, 315-318.

For the foregoing reasons, this matter will be remanded under sentence six[5] of 42 U.S.C. § 405(g) for consideration of the new evidence.[6]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for remand is granted;

2. The Commissioner's cross-motion for summary judgment is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED: March 24, 2009.

_____
U.S. MAGISTRATE JUDGE

006 harville.ss

---

[5] Sentence six reads:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

[6] Plaintiff requests this court to order remand to a different ALJ. Internal policy of the Social Security Administration provides that on remand from the Appeals Council, including remands generated by the court, the proceedings are held before the previously assigned ALJ, unless the case previously was assigned to that ALJ on a prior remand and the ALJ's decision after remand is the subject of the new remand or the Appeals Council or court expressly directs the case be assigned to a different ALJ. HALLEX I-2-155(D)(11). Although there is a thread of concern evident throughout the hearing and the ALJ's written decision regarding the parents' participation in counseling and behavioral modification programs, the record does not support a finding of bias sufficient to warrant remand to a different ALJ.